David R. WILSON, Plaintiff—Appellant

v.

Charles HUDSON, President C.E.O.; Globe Life Accident Insurance, Defendants—Appellees.

No. 10–60635

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 2010.

David R. Wilson, Meridian, MS, pro se.

Before KING, BENAVIDES, and ELROD, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Plaintiff–Appellant David R. Wilson sued Defendants–Appellees Charles Hudson and Globe Life Accident Insurance in federal court. Wilson alleged that he was the beneficiary of a Globe life insurance policy he purchased in the name of his wife, Sherry Ann Wilson. Wilson further alleged that, upon his wife's death, the defendants failed to acknowledge his claim for the proceeds of that policy in violation of the policy's terms and Mississippi law. The United States District Court for the Southern District of Mississippi *sua sponte* dismissed Wilson's claim without prejudice for a lack of subject matter jurisdiction. We affirm.

In his complaint, Wilson asserted that the district court had subject matter jurisdiction over his claim on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Section 1332(a) grants a federal district court the power to hear a civil action, provided that the amount in controversy "exceeds the sum or value of $75,000" and the parties are "citizens of different States." We determine the amount in controversy "from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

Wilson's complaint did not meet the first requirement of § 1332(a). His complaint alleged only $50,000 in damages. Therefore, the district court properly dismissed Wilson's complaint for a lack of subject matter jurisdiction.

Wilson makes two new arguments on appeal for the reversal of the district court's order. First, in his notice of appeal, he stated that he was now seeking $75,000 in damages. Wilson's allegation of a new amount of damages in his notice of appeal did not properly raise the issue before the district court and will not be considered by this court on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993) (declining to address issues raised for the first time on appeal by *pro se* litigant). Even assuming that such an issue may be raised in his notice of appeal and that the new claim was made in good faith, the damages Wilson alleged were not sufficient to establish diversity jurisdiction over his claim because he only sought $75,000 in damages. This is not an amount that "exceeds the sum or value of $75,000," as required by § 1332(a)(1). 28 U.S.C. § 1332(a)(1); *see* 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3701, 4 (2009)(stating that "[a]n allegation of exactly $75,000 ... is insufficient" to establish jurisdiction under § 1332).

Second, in his brief before this court, Wilson stated that the district court erred because it did not address his claim under "Title VII, 42 U.S.C. § 2000e Sexual Harassment." Wilson did not raise a Title VII claim in his complaint before the district court. He cannot raise such a claim for the first time on appeal to establish a separate basis for federal subject matter jurisdiction. *See Yohey*, 985 F.2d at 225.

Therefore, the district court's order dismissing Wilson's claim without prejudice for a lack of subject matter jurisdiction is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.